23-6486-cr
*United States v. Pena*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-four.

PRESENT:
        SUSAN L. CARNEY,
        JOSEPH F. BIANCO,
        WILLIAM J. NARDINI,
            *Circuit Judges*.

---

UNITED STATES OF AMERICA,

        *Appellee*,

v.                                           23-6486-cr

JOSE ARIAS, RAFAEL SOTO, ALBERTO TAVERA, MARIA PENA, MICICEALE DELILEON,

        *Defendants*,

MAXIMO PENA,

        *Defendant-Appellant*.

---

FOR APPELLEE:                            Lisa Daniels, Nathan Rehn, Assistant United States Attorneys, *for* Damian

|  |  |
|---|---|
|  | Williams, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | Maximo Pena, *pro se*, Coleman, Florida. |

Appeal from an order of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on March 31, 2023, is **AFFIRMED**.

Defendant-Appellant Maximo Pena appeals from an order of the district court denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Pena was convicted in 1991, after a jury trial, of: (1) conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846; (2) engaging in a continuing criminal enterprise, as an organizer, supervisor, and manager, in violation of 21 U.S.C. §§ 848(a) and (b); (3) possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(l)(A) and 18 U.S.C. § 2; and (4) using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c) and 2. The evidence at trial established that Pena was the leader of a large-scale drug trafficking organization in New York City that operated out of approximately twenty apartments in upper Manhattan and sold crack cocaine and cocaine twenty-four hours per day, seven days per week. From May 1989 through July 1990, the organization sold or distributed over 240 kilograms of crack cocaine. Pena also used guns,

threats of violence, and violence to protect the massive drug operation. On one occasion, Pena accused a building superintendent of stealing a kilogram of crack cocaine and doused the superintendent with a flammable liquid and set him on fire, causing him to be hospitalized for serious injuries.

On October 4, 1991, the district court sentenced Pena principally to life imprisonment, followed by a consecutive term of five years' imprisonment on the firearms count. On September 16, 2022, Pena moved *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the prison conditions during the COVID-19 pandemic and his medical conditions, as well as an intervening change in the sentencing law and his rehabilitation efforts during his imprisonment. The district court denied the motion, reasoning that Pena did not establish an extraordinary and compelling reason for release and, in any event, the factors under 18 U.S.C. § 3553(a) weighed against release. *See generally United States v. Pena*, No. 90-CR-553 (KMW), 2023 WL 2734327 (S.D.N.Y. Mar. 31, 2023).

We review a district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks and citation omitted). Section 3582(c)(1)(A) provides that a district court "may" reduce a defendant's term of imprisonment "after considering the factors set forth in Section 3553(a)" if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by

3

the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020).

Here, because a district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release," *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam) (internal quotation marks, citation, and footnote omitted), we need not (and do not) address the district court's determination that Pena failed to demonstrate extraordinary and compelling reasons for a reduction in sentence. Instead, we conclude that, even assuming *arguendo* that Pena had demonstrated extraordinary and compelling circumstances, the district court did not abuse its discretion in holding that "the § 3553(a) factors do not support early release and provide an independent basis for denying Pena's motion." *Pena*, 2023 WL 2734327, at *4.

In denying the motion, the district court properly considered the Section 3553(a) factors and explained why such factors weighed against early release. In particular, the district court emphasized that, at sentencing, it had "recognized the devastation that Mr. Pena and his group wreaked on West 160th Street, and imposed a life sentence." *Id*. (internal quotation marks and citation omitted). Moreover, the district court explained that "[a]lthough Pena has served 33 years of his sentence, the severity of his criminal conduct, including his role as the leader of a massive drug trafficking organization, and dousing a man with flammable liquid and setting him on fire, warranted a life sentence." *Id*. Thus, the district court concluded that, under the Section 3553(a) factors, "[a] reduction in his sentence at this time would not promote respect for the law and provide a just punishment for the offense." *Id*. (alteration adopted) (internal quotation marks and citation omitted); *see* 18 U.S.C. § 3553(a)(2)(A).

4

To the extent Pena argues that the district court failed to consider his rehabilitation and the time he has already served, we are unpersuaded. We presume that the sentencing judge has considered all relevant Section 3553(a) factors unless "the record suggests otherwise." *Halvon*, 26 F.4th at 570. Pena has not pointed to anything in the record suggesting that the district court failed to consider his rehabilitation when evaluating the Section 3553(a) factors, especially in light of the fact that the district court explicitly considered Pena's rehabilitation when determining whether Pena had established a compelling and extraordinary reason to warrant a reduction in his sentence. *Pena*, 2023 WL 2734327, at *3 (finding "the record shows that Pena has made positive steps toward rehabilitation during his time in custody"). Similarly, as noted above, in its consideration of the Section 3553(a) factors, the district court explicitly noted the amount of time that Pena had already served. *Id.* at *4; *see also Halvon*, 26 F.4th at 571 ("That the district court gave greater weight to [the] unchanged factors [from the original sentence] than to the changed circumstances on which [the movant] relies does not mean that the court failed to consider the latter.").

At bottom, Pena contends that the district court gave too much weight to the seriousness of his offense, when balanced against the mitigating factors he presented to support his motion. However, this Court accords the greatest deference to the district court's decision on how to weigh each of the Section 3553(a) factors. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) (per curiam). Therefore, the district court's decision to place greater weight on the seriousness of Pena's offense and to conclude that an early release was unwarranted, after balancing the Section 3553(a) factors, was not an abuse of discretion.

\* \* \*

We have considered Pena's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court